UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED

2006 AUG 21 P 12: 38

Gerard Boulanger
PLAINTIFF

V.

CA NO 1:06-cp-308

H. LAPPIN; DIRECTOR
FEDERAL BUREAU OF PRISONS
ROBERT GILBERT; DIRECTOR
UNITED STATES MARSHALLS SERVICE
DISTRICT OF NEW HAMPSHIRE

J. REASTER DIRECTOR; STRAFFORD COUNTY
HOUSE OF CORRECTIONS
DOVER NH.
J DAWALLABEE; SUPERINTENDANT
STRAFFORD COUNTY HOUSE OF CORRECTION
D. ROLLINS; CAPT, STRAFFORD
COUNTY HOUSE OF CORRECTIONS
LINDA LEE; LT, STRAFFORD COUNTY
HOUSE OF CORRECTION
D. ROY, LT, DISC, HEARINGS OFFICER
STRAFFORD COUNTY HOUSE OF CORRECTION
J. SULLIVAN, LT SECURITY STRAFFORD
COUNTY HOUSE OF CORRECTION
J. MCPHERSON, SGT SECURITY STRAFFORD
COUNTY HOUSE OF CORRECTION
J. PELKIE, CPL STRAFFORD COUNTY
HOUSE OF CORRECTION

# JOINT CIVIL RIGHTS COMPLAINT PURSUANT TO BIVENS AND 42 USC 1983; WITH A JURY DEMAND

THIS IS A JOINT CIVIL RIGHTS COMPLAINT PURSUANT TO BIVENS AND 42 USC 1983 ACTION FILED BY GERARD BOULANGER PRO SE; A FEDERAL PRISONER, ALLEGING VIOLATION OF HIS CONSTITTIONAL RIGHTS AND SEEKING MONEY DAMAGES, DECLARTORY JUDGMENT, AND INJUNTIVE RELEIF, THE PLAINTIFF REQUEST A TRIAL BY JURY

## JURISDICTION

THIS IS A JOINT CIVIL RIGHTS COMPLAINT UNDER BIVENS AND 42 USC 1983, THIS COURT HAS JURISDICTION UNDER 28 USC 1331 AND 1343, PLAINTIFF ALSO INVOKES THE PENDENT JURISDICTION OF THIS COURT.

## PARTIES

1.) PLAINTIFF, GERARD BOULANGER, IS PRESENTLY INCARCERATED AT UNITED STATES PENITENTIARY ALLENWOOD AT WHITEDEER PA. PO BOX 3000 17887

2.) DEFENDANT H. LAPPIN IS THE DIRECTOR OF THE FEDERAL BUREAU OF PRISONS, HE IS RESPONSIBLE FOR THE OPERATION AND MANAGEMENT OF THE FEDERAL BUREAU OF PRISONS, HE IS ULTIMATELY RESPONSIBLE FOR THE TRAINING AND SUPERVISION OF CORRECTIONS PERSONNEL EMPLOYED OR CONTRACTED BYE THE FEDERAL BUREAU OF PRISONS

3) ROBERT GILBERT IS THE DIRECTOR OF THE UNITED STATES MARSHALLS SERVICE DISTRICT OF NEW HAMPSHIRE, HE IS RESPONSIBLE FOR THE PLACEMENT DETENTION OF FEDERAL PRISONERS IN NEW HAMPSHIRE, HE IS RESPONSIBLE FOR THE CARE AND SUPERVISION OF FEDERAL PRISONERS WILE IN THE COSTODY OF THE FEDERAL BUREAU OF PRISONS IN NEW HAMPSHIRE

4) DEFENDANTS; H LAPPIN. DIRECTOR OF THE FEDERAL BUREAU OF PRISONS AND R. GILBERT, DIRECTOR OF THE UNITED STATES MARSHALLS SERVICE DISTRICT OF NEW HAMPSHIRE ARE SUED PURSUANT TO BIVENS, THEY ARE SUED IN THERE INDIVIDUAL AND OFFIAL CAPACITIES

5.) DEFENDANT J. REASTER, IS THE DIRECTOR OF STRAFFORD COUNTY HOUSE OF CORRECTIONS HE IS RESPONSIBLE FOR THE ORDERLY OPERATION AND SUPERVISION OF CORRECTION OFFICERS AND MANAGMENT OF THE HOUSE OF CORRECTIONS, HE IS SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES

6) DEFENDANT J. DAWALLABEE, SUPERINTENDANT OF CORRECTION, AT THE STRAFFORD COUNTY HOUSE OF CORRECTIONS, 266 COUNTY FARM RD DOVER NH, HE IS RESPONSIBLE FOR THE OPERATION AND MANAGMENT OF THE STRAFFORD COUNTY HOUSE OF CORRECTION, HE IS ULTIMATELY RESPONSIBLE FOR THE TRAINING AND SUPERVISION OF CORRECTIONS PERSONNEL, HE IS SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES

7 DEFENDANT D. ROLLINS, IS THE CAPTAIN AT THE STRAFFORD COUNTY HOUSE OF CORRECTIONS AN AGENT OF DEFENDANT J. DAWALLABEE, SHE IS THE OFFICER IN CHARGE 8:00 AM TO 5:00 PM SHIFT OF CORRECTIONS PERSONAL, SHE IS SUED IN HER INDIVIDUAL AND OFFICIAL CAPACITIES

8) DEFENDANT LINDA LEE, IS LT, IN CHARGE OF CLASSIFICATION AT THE STRAFFORD COUNTY HOUSE OF CORRECTION, SHE IS RESPONSIBLE FOR THE CLASSIFICATION AND HOUSING OF INMATES AND SECURE OPERATION OF THE JAIL, SHE IS SUED IN HER INDIVIDUAL AND OFFICIAL CAPACITIES

9) DEFENDANT DONNA ROY IS THE LT IN CHARGE OF DISCIPLINARY HEARINGS OFFICE, HER DUTIES ARE THE OFFICER WHOM CONDUCTS THE HEARINGS OF RULE INFRACTIONS ALLEDGED BY INMATES, SHE IS SUED IN HER INDIVIDUAL AND OFFICIAL CAPACITIES

10) DEFENDANT, J SULLIVAN IS THE SECOND SHIFT LT IN CHARGE OF SECURITY AT THE STRAFFORD COUNTY HOUSE OF CORRECTIONS, HE IS RESPONSIBLE FOR THE SECURE OPERATION OF THE JAIL 500PM TO 1100PM NIGHT SHIFT; HE IS SUED IN HIS INDIVIDUAL AND OFFICAL CAPACITIES

11) DEFENDANT J MCPHERSON, IS THE SGT IN CHARGE OF SECURITY, HE IS THE FIRST SHIFT SECURITY SGT AT THE STRAFFORD COUNTY HOUSE OF CORRECTIONS, HE IS SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES

12) DEFENDANT J. PELKIE, IS A CPL AT THE STRAFFORD COUNTY HOUSE OF CORRECTIONS HIS DUTIES AS CPL ARE THE RUNNING OF DAYLY OPERATIONS AT THE JAIL, HE IS SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES

13. DEFENDANTS; J. REASTER, J. DAWALLABEE, CAPT D. ROLLINS, LT LINDA LEE, DHO LT DONNA ROY, LT J SULLIVAN, SGT J. MCPHERSON AND CPL J PELKIE ARE SUED UNDER 42 USC 1983, THIS COURT HAS JURISDICTION UNDER 28 USC 1343, PLAINTIFF ALSO INVOKES THE PENDANT JURISDICTION OF THIS COURT

14. ALL DEFENDANTS HAVE ACTED UNDER "COLOR OF STATE AND FEDERAL LAW" DURING ALL TIMES RELEVANT TO THIS COMPLAINT

## FACTS

1). PLAINTIFF Gerard BoulanGer, WAS REMANDED TO THE CUSTODY OF THE STRAFFORD COUNTY HOUSE OF CORRECTIONS ON SEPTEMBER 24TH 2003; AS A PRETRIAL DETAINEE.

2) PLAINTIFF WAS HOUSED IN THE ALL PURPOSE ROOM (APR) FROM SEPTEMBER TOO DECEMBER 2003

3) THE ALL PURPOSE ROOM (APR) IS A GYM RECREATION AREA LITERALY, THAT WAS CONVERTED TO HOUSE 12 INMATES

4) WHEN STATE, FEDERAL OR AMERICAN CORRECTION OF AMERICA ASSOICIATION INSPECTIONS ACCURED, THIS GYM (APR) WOULD BE EVACATED TO APPEAR AS A GYM RECREATION AREA FOR S.C.H.O.C. INMATES, NOT A LIVING HOUSING AREA

5) PLAINTIFF REQUESTED ACCESS TO THE LAW LIBRARY AND LEGAL SUPPLIES THROUGHOUT THIS TIME PERIOD AND WAS INFORMED THAT THERE WAS NONE EXCEPT FOR THREE LEGAL BOOKS, TWO FEDERAL BOOKS AND ONE STATE BOOK, WICH SERVED LITTLE PURPOSE BUT DEFINED CRIMINAL OFFENSE AND THERE PENALTIES

6) PLAINTIFF WAS GIVEN NO INSIDE RECREATION AREA FOR 18 MONTHS

7). PLAINTIFF WAS GIVEN NO OUTSIDE YARD RECREATION FOR 18 MONTHS

8) PLAINTIFF REMAINED IDLE BOTH MENTALLY AND PHYSYCLY FOR 18 MONTHS

9) PLAINTIFF WAS MOVED TO E POD HOUSING UNIT IN DECEMBER 2003

10) E POD HAS 12 CELLS AND HOUSES 20 INMATES, PLAINTIFF AGAIN WAS DENEID ACCESS TO THE (APR) GYM BECOUSE IT WAS USED. AS A HOUSING AREA

11) PLAINTIFF WAS DENIED OUTSIDE RECREATION WILE HOUSED ON E POD FROM DECEMBER UNTIL APRIL 2004

12) PLAINTIFF WAS DENEID ACCESS TO A LAW LIBRARY FOR 18 MONTHS WILE PRETRIAL.

13) ON APRIL 1ST 2004, PLAINTIFF WAS TRANSFERED TO ADMINISTRATIVE SEGRAGATION UNIT PUNITIVE -

14) PLAINTIFF REQUESTED AN EXPLANATION AS TO WHY HE WAS PLACED IN ADMINISTRATIVE SEGRAGATION, DEFENDANTS GAVE

SEVERAL CONFLICTING ANSWERS, SUCH AS POSSESSION OF A WEAPON, THEN EXTORTION, THEN AN ESCAPE ATTEMPT

15) PLAINTIFF WAS NEVER GIVEN A DISCIPLINARY OR ADMINISTRATIVE DETENTION ORDER, NOTICE OF RECLASSIFICATION NOR A DISCIPLINARY REPORT, FROM LT L. LEE CLASSIFICATION OFFICER, AND DISCIPLINARY HEARINGS OFFICER DONNA ROY

16) DEFENDANTS ARBITRARY TRANSFERED AND PUNISHED PLAINTIFF BY PLACING HIM IN ADMINISTRATIVE SEGRAGATION AND PUNITIVE SEGRAGATION FROM ARIL 1ST 2004 UNTIL APRIL 13TH 2005 WITHOUT GIVING PLAINTIFF A CLASSIFICATION HEARING NOR DISCIPLINARY HEARING

17) IN JULY OF 2004 PLAINTIFF WAS TRANSFERED TO THE NEW SCHOOL NEXT TO THE OLD SCHOOL BUILDING

18) AGAIN PLAINTIFF WAS PLACED IN ADMINISTRATIVE SEGRAGATION UNIT C-POD PUNITIVE SEGRAGATION WITHOUT A CLASSIFICATION, OR A DISCIPLINARY HEARING

19) FOR OVER ONE YEAR APRIL 1 2004 THROUGH APRIL 14 2005; PLAINTIFF WAS HELD IN AMINISTRATIVE SEGRAGATION, DURING THIS PERIOD, PLAINTIFF WAS DENIED ACCESS TO RECREATION IN THE GYM OR OUTSIDE YARD

20) THE LIGHT WAS KEPT ON IN PLAINTIFFS CELL 24 HOURS A DAY PREVENTING HEALTHY SLEEP OR REST

21) IN OCTOBER OF 2004, PLAINTIFFS CELL WAS DAMAGED. DEFENDANTS CLAIMED PLAINTIFF WAS RESPONSIBLE, BUT GAVE PLAINTIFF NO NOTICE OR DISCIPLINARY REPORT, THEY MERELY ACCUSED PLAINTIFF OF BEING RESPONSIBLE

22) DEFENDANTS, CONFISCATED AND DESTROYED PLAINTIFFS PLAINTIFFS DISCOVERY AND LEGAL MATERIALS SENT TO HIM BY HIS ATTORNEY

23) DEFENDANTS CONFISCATED AND DESTROYED PLAINTIFFS PERSONNAL PROPERTY TO WIT, PHOTOS OF FAMILY, SNEAKERS AND COMMISSARY ITEMS

24) DEFENDANTS BEGAN A ROUTINE OF SEARCHING PLAINTIFFS CELL, EVERY (2) TWO HOURS 24 HOURS A DAY. CAUSING PLAINTIFF LOSS OF SLEEP AND

SENSORY DEPREVATION AND HARASSMENT

25), PLANTIFF WAS KEPT IN 4 POINT RESTRAINTS WILE HOUSED IN HIS CELL, LITERALY CHAINED BY C/OS, LT SULLIVAIN, SGT MCPHERSON AND J. PELICIE

26) PLANTIFF WAS KEPT IN 4 POINT RESTRAINTS WILE GIVEN (1) ONE HOUR A DAY OUTSIDE HIS CELL ON THE POD AREA

27) PLANTIFF WAS GIVEN HIS MEALS WILE IN RESTRAINTS CHAINED HANDS TO FEET

28) PLANTIFF WAS KEPT IN RESTRAINTS CHAINED FROM OCTOBER 2004 UNTIL APRIL 2005

29) PLANTIFF SUBMITTED REQUEST SLIPS AND GREIVANCE FORMS TO THE SUPERINTENDANT DAWALLABEE. TO RESOLVE PLANTIFFS CONDITIONS OF CONFINEMENT AND RECEIVED NO REPLY

30) PLANTIFF SUBMITTED REQUEST SLIPS AND GREIVENCE FORMS TO CAPT D. ROLLIN TO RESOLVE PLANTIFFS CONDITIONS OF CONFINE-MENT AND RECEIVED NO RESPONCE NOR ANSWER

31) PLAINTIFF ATTEMPTED TO SPEAK WITH CAPT, D. ROLLINS, LT L LEE, LT, SULLIVAN, LT D. ROY ON NUMEROUS OCATIONS AS TO THE TREATMENT PLAINTIFF WAS ENDURING AT S.C.H.O.C. - WITH OUT REPLY -

31.) PLAINTIFF INFORMED HIS ATTORNEY JONATHAN R. SAXE OF THE FEDERAL DEFENDERS PROGRAM 22 BRIDGE ST. CONCORD NH - 03301 OF THE CONDITIONS OF CONFINEMENT AT S.C.H.O.C.

32) PLAINTIFFS ATTORNEY FILED A COMPLAINT WITH THE U.S. MARSHALLS SERVICE WITHOUT AVAIL

33.) PLAINTIFFS ATTORNEY J. SAXE OBSERVED PLAINTIFF CHAINED IN FOUR POINT RESTRAINTS UNDER VERY DANGEROUS CONDITIONS AT SHCHOC AND HE AGAIN FILED A COMPLAINT WITH SUPERINTENDANT DAWALLABE AND THE U.S. MARSHALLS SERVICE

34. PLAINTIFF AS STATED IN PARAGRAPHS 29 THROUGH 33 EXHAUSTED HIS ADMINISTRATIVE REMEDIES BY FILING REQUEST SLIPS, AND GREIVANCES, AND HIS ATTORNEY FILED COMPLAINTS AS CONCERNING PLAINTIFFS TREATMENT AND HOUSING

35.) DEFENDANTS FAILED TO TAKE CORRECTIVE ACTIONS CONCERNING PLAINTIFFS AFOREMENTIONED CLAIMS

36) PLAINTIFF WAS TOLD BY LT SULLIVAN THAT INMATE GREIVANCES FORM ARE ROUTINELY DISCARTED VIA THE TRASH

37) PLAINTIFF WAS TOLD BY DEFENDANT LT L LEE, THAT DEFENDANT REASTER (COUNTY DIRECTOR) WAS CALLING THE SHOTS, GIVING ORDERS AT SCHOC AND THAT FROM SUPERINTENDANT DAWALLABE AND CAPT ROLLINGS WAS DOING WHAT THEY WERE TOLD TO DO - AS TO THE TREATMENT OF PLAINTIFF.

38 PLAINTIFF STATES THAT IF SCHOC HAD A LAW LIBRARY, THAT PLAINTIFF WOULD HAVE CONDUCTED HIS TRIAL IN FEDERAL COURT DIFFERENTLY; PLAINTIFF WOULD NOT HAVE STIPULATED TO CERTAIN FACTS OF EVIDENCE IF HE HAD ACSESS TO LEGAL ADVICE VIA WRITTEN CASE LAW AND RULES OF EVIDENCE

39). PLAINTIFF WAS A PRETRIAL DETAINEE AT ALL TIMES RELEVENT TO THIS COMPLAINT AWAITING TRIAL IN FEDERAL COURT

## CLAIMS

40) FIRST CAUSE OF ACTION

THE ACTIONS OF THE DEFENDANTS STATED IN PARAGRAPHS 1- THROUGH- 39 DENIED PLAINTIFF DUE PROCESS OF LAW INVIOLATION OF THE FITH AMENDMENT, 6TH AMENDMENT AND FOURTEENTH AMENDMET;

A.) When DEFENDANTS PLACED PLAINTIFF IN SOLITARY CONFINEMENT, WITH OUT THE DUE PROCESS OF A DISCIPLINARY BOARD

B) When DEFENDANTS PLACED PLAINTIFF IN ADMINISTRATIVE SEGRAGATION WITH OUT DUE PROCESS OF A CLASSIFICATION HEARING FOR 12 MONTHS - FROM APRIL 1. 04 TO APRIL 14. 05

## SECOND CAUSE OF ACTION

41) THE ACTIONS OF THE DEFENDANTS STATED IN PARAGRAPHS 1-THROUGH-39 DENEID PLAINTIFF DUE PROCESS OF LAW IN VIOLATION OF THE FIRST, SIXTH AND FITH AMENDMENT RIGHT OF DUE PROCESS WHEN THE DEFENDANTS

A) CONFISCATED PLAINTIFFS DISCOVER MATERIAL, LEGAL PAPER WORK

B) PROVIDED NO LAW LIBRARY

## THIRD CAUSE OF ACTION

42). THE ACTIONS OF THE DEFENDANTS STATED IN PARAGRAPHS 1-THROUGH 39 VIOLATED PLAINTIFFS 4TH AMENDMENT, 8TH AMENDMENT WHEN THEY

A) CONDUCTED A CELL SEARCH OF PLAINTIFF EVERY (2) TWO HOURS, 24 HOURS A DAY DEPRIVING PLAINTIFF OF SLEEP

B). KEPT PLAINTIFFS CELL LIGHT ON 24 HOURS A DAY, PREVENTING PLAINTIFFS SLEEP FOR 12 MONTHS

C) KEPT PLAINTIFF IN FOUR POINT RESTRAINTS CHAINED HANDS TO WAIST WITH, LEG IRON FOR A SIX MONTH LONG PERIOD

D) DENIED PLAINTIFF OUTSIDE RECREATION FOR 18 MONTHS

RELIEF

Wherefore, PLAINTIFF REQUEST THIS Honorable COURT GRANT THE FOLLOWING RELEIF;

A) ISSUE A DECLARATORY JUDGEMENT THAT DEFENDANTS VIOLATED THE UNITED STATES CONSTITTUTION When THEY

1.) PUNISHED PLAINTIFF WITHOUT AFORDING PLAINTIFF A NOTICE OF DISCIPLINARY NOR GAVE PLAINTIFF A DISCIPLINARY HEARING

2) PLACED PLAINTIFF IN ADMINISTRATIVE SEGRAGATION SOLITARY CONFINMENT WITHOUT NOTICE, NOR CLASSIFICATION HEARINGS BOARD FOR 12 MONTHS

3.) CONFISCATED PLAINTIFFS PRE-TRIAL DISCOVERY MATERIAL

4) PROVIDED PLAINTIFF WITH NO LAW LIBRARY TO ASIST HIM AT HIS DEFENSE FOR TRIAL

5) SEARCHED PLAINTIFFS CELL EVERY (2) TWO (2) HOURS A DAY FOR AN EXTENDED PERIOD OF TIME -

6.) KEPT PLAINTIFFS CELL LIGHT ON 24 HOURS A DAY FOR 18 MONTHS

7). KEPT PLAINTIFF IN FORE POINT RESTRAINTS HANDCUFFED TO WAIST CHAIN, WILE IN LEG IRONS FOR SIX MONTHS

8.) DENEID PLAINTIFF OUTSIDE RECREATION FOR 18 MONTHS

B.) GRANT COMPENSATORY DAMAGES IN THE FOLLOWING AMOUNT

1.) 50.000 FIFTY THOUSAND DOLLARS PER EACH DEFENDANT

C.) GRANT PUNITIVE DAMAGES OF 50.000 FIFTY THOUSAND DOLLARS AGAINST EACH OF THE DEFENDANTS

D) GRANT SUCH OTHER RELIEF AS IT MAY APPEAR PLAINTIFF IS ENTITLED

RESPECTFULLY SUBMITTED

DATE ________________ ______________________________

GERARD BOULANGER PROSE
#03289-049
USP ALLENWOOD
PO BOX 3000
WHITE DEER PA 17887