UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GERARD BOULANGER, Plaintiff, | : | |
| v. | : | NH 06-cv-00308-ECT<br>RI MC 07-23 T |
| HARLEY G. LAPPIN, Director, Federal Bureau of Prisons, et al., Defendants. | : | |

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

Before the Court is the Motion for Entry of Partial Final Judgment on Behalf of Federal Defendants (D.N.H. Document ("Doc.") #57) ("Motion for Entry of Partial Final Judgment" or "Motion"). By the Motion, Harley G. Lappin, the Director of the Federal Bureau of Prisons ("Defendant Lappin"), and Robert Gilbert, described in the Complaint as the Director of the United States Marshals Service for the District of New Hampshire ("Defendant Gilbert") (collectively the "Federal Defendants"), seek entry of partial final judgment pursuant to Fed. R. Civ. P. 54(b). See Motion at 1. Plaintiff Gerard Boulanger ("Plaintiff"), a federal prisoner,[1] has not filed an objection to the Motion.

The Motion has been referred to me for preliminary review, findings, and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated herein, I recommend that

---

[1] Plaintiff was convicted in October, 2004, of armed robbery involving a controlled substance, possession with intent to distribute a controlled substance, and being a felon in possession of a firearm. See Order and Memorandum Granting Federal Defendant's Motion to Dismiss (D.R.I. Document ("Doc.") #6) at 1; see also U.S. v. Boulanger, 444 F.3d 76, 78 (1st Cir. 2006).

the Motion be granted.

## Facts and Travel

On August 21, 2006, Plaintiff, acting *pro se*, filed a complaint pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971), and 42 U.S.C. § 1983 in the United States District Court for the District of New Hampshire, alleging that ten federal and state Defendants violated his civil rights during his pretrial detention at the Strafford County House of Corrections. See Complaint (D.N.H. Doc. #1) at 1-14; see also D.N.H. Docket. All claims against Defendant Lappin were dismissed on December 12, 2006, when District Judge Joseph A. DiClerico, Jr., accepted the Report and Recommendation of Magistrate Judge James R. Muirhead. See Order dated December 12, 2006 (D.N.H. Doc. #16) ("Order of 12/12/06"); see also Report and Recommendation dated November 15, 2006 (D.N.H. Doc. #5) ("Report and Recommendation of 11/15/06"). The claims against Defendant Gilbert in his official capacity were also dismissed at that time. See id. Subsequently, the case was referred to the District of Rhode Island due to the recusal of all of the sitting judges in the District of New Hampshire. See Order of Recusal (D.N.H. Doc. #35); Procedural Order (D.N.H. Doc. #38). The claims against Defendant Gilbert in his individual capacity were dismissed on November 15, 2007. See Order and Memorandum Granting Federal Defendant's Motion to Dismiss (D.R.I. Doc. #6) (D.N.H. Doc. #54) ("Order and Memorandum of 11/15/07"). On January 11, 2008, the Federal Defendants filed the instant Motion for Entry of Partial Final Judgment. See D.N.H. Docket.

## Law

Rule 54(b) provides that:

> When an action presents more than one claim for relief ... or when multiple parties are involved, the court may

> direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b); see also Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 579 (1st Cir. 1994)("Fed. R. Civ. P. 54(b) permits the entry of final judgment as to fewer than all the parties or claims in a multi-party action ... 'upon an express determination that there is no just reason for delay' in entering judgment."). However, the Court of Appeals for the First Circuit has warned "that Rule 54(b) should be used sparingly." Nichols v. Cadle Co., 101 F.3d 1448, 1449 (1st Cir. 1996).

In evaluating whether the entry of partial final judgment is appropriate, the Court must first determine whether the ruling underlying the proposed judgment is final. Maldonado-Denis, 23 F.3d at 580; Spiegel v. Trustees of Tufts Coll., 843 F.2d 38, 42 (1st Cir. 1988). A ruling is final if "it disposes completely either of all claims against a given defendant or of some discrete substantive claim or set of claims against the defendants generally." Maldonado-Denis, 23 F.3d at 580. Next, the Court must trace the interrelationship between the legal and factual basis of the claims underlying the proposed judgment and the legal and factual basis of the remaining claims. Maldonado-Denis, 23 F.3d at 580; see also Britton v. Maloney, 196 F.3d 24, 27 n.2 (1st Cir. 1999)(noting that inquiry at second step turns on "whether the [proposed] ruling raises legal or factual issues that overlap with any claims that remain pending in the district court"). Lack of overlap between the two sets of claims supports a finding of no just reason for delay in entry of partial final

judgment. See Quinn v. City of Boston, 325 F.3d 18, 27 (1st Cir. 2003). Finally, the Court must balance "the desirability of immediate review and the undesirability of promoting piecemeal appeals." Maldonado-Denis, 23 F.3d at 580; see also Spiegel, 843 F.2d at 43. "The process ... is necessarily case-specific." Spiegel, 843 F.2d at 43; see also Quinn, 325 F.3d at 26 (noting that district court "typically must make an individualized assessment ..."). "[I]f a district court wishes to enter a partial final judgment on the ground that there is no just reason for delay, it should not only make that explicit determination but should also make specific findings and set forth its reasoning." Quinn, 325 F.3d at 26.

**Discussion**

The Federal Defendants argue that:

> [B]ecause the Court's rulings in the Federal Defendants' favor resolve all of Plaintiff's claims against the Federal Defendants, and because the legal and factual basis for the proposed judgment on the Federal Defendants' behalf is sufficiently distinct from the legal and factual basis for Plaintiff's claims against the Defendants remaining in this action, there is no just reason for delaying entry of partial final judgment for the Federal Defendants.

Memorandum of Law in Support of Federal Defendants' Motion for Entry of Partial Final Judgment ("Federal Defendants' Mem.") at 2-3. Thus, the Federal Defendants contend that "[t]he First Circuit's requirements for entry of final judgment on Plaintiff's claims against the Federal Defendants are satisfied in this case." Id. at 6. The Court agrees.

The Federal Defendants note that "the proposed judgment for the Federal Defendants is 'final in the sense that it disposes completely ... of all claims against a given defendant.'" Id. (quoting Maldonado-Denis, 23 F.3d at 580)(alteration in original). As to Defendant Lappin, the Order of 12/12/06

disposed of all claims against him. See Order of 12/12/06 (adopting Report and Recommendation of 11/15/06); see also Report and Recommendation of 11/15/06 at 9-10 (finding that, because Plaintiff had failed to sufficiently allege that Defendant Lappin had a supervisory role over or direct knowledge of the conditions of his confinement or that he had ever complained to Defendant Lappin about those conditions, Defendant Lappin should be dismissed from the action). As noted previously, the Order of 12/12/06 also dismissed claims against Defendant Gilbert in his official capacity. See Order of 12/12/06 (adopting Report and Recommendation of 11/15/06); see also Report and Recommendation of 11/15/06 at 22 (finding that Plaintiff could not sue Defendant Gilbert in his official capacity because such suits "against the United States, its agencies, or federal officers sued in their official capacities" are barred by sovereign immunity and, therefore, recommending dismissal of the official capacity claim against Defendant Gilbert). The Order and Memorandum of 11/15/07 is final in that it dismissed all remaining claims against Defendant Gilbert. See Order and Memorandum of 11/15/07 at 3 ("Because there are no allegations that Gilbert participated in the alleged mistreatment of Boulanger; and, because it is undisputed that Gilbert was not even employed by the Marshal's Service at the time, Gilbert's motion to dismiss is granted.").

Moreover, as the Federal Defendants observe, "the basis for the dismissal of the claims against the Federal Defendants turned upon a legal and factual analysis substantially distinct from those applicable to Plaintiff's claims against the remaining Defendants." Federal Defendants' Mem. at 6. Defendant Lappin and Defendant Gilbert are (or were) federal officials. As such, they cannot be sued in their official capacities. See Coggeshall Dev. Corp. v. Diamond, 884 F.2d 1, 3 (1st Cir. 1989)("It is beyond discussion that the United States cannot be sued absent an

express waiver of its immunity as a sovereign .... [A] suit is against the sovereign if the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration ... or if the effect of the judgment would be to restrain the Government from acting, or to compel it to act.") (quoting Dugan v. Rank, 372 U.S. 609, 620, 83 S.Ct. 998, 1006 (1963))(third alteration in original)(internal quotation marks omitted). In addition, both Federal Defendants were found to have had no direct, personal connection to the conditions of confinement about which Plaintiff complains. See Order and Memorandum of 11/15/07 at 3 (finding that there were no allegations that Defendant Gilbert mistreated Plaintiff or was even employed by the U.S. Marshals Service at the time of Plaintiff's pretrial detention); Report and Recommendation of 11/15/06 at 9-10 (finding insufficient allegations that Defendant Lappin had a supervisory role over or direct knowledge of the conditions of his confinement or that he had received complaints from Plaintiff). This does not appear to be a situation where "the factual underpinnings of the adjudicated and unadjudicated claims are intertwined." Maldonado-Denis, 23 F.3d at 580; see also Quinn, 325 F.3d at 27 ("[I]n all probability, there will be no significant duplication of effort in litigating one set of claims to a conclusion and then addressing the remaining set of claims. Such a lack of overlap strongly supports the finding of no just reason for delay (and, thus, the entry of a partial final judgment under Rule 54 (b)).").

Lastly, the Federal Defendants argue that "although Plaintiff raised similar constitutional tort claims against each of the remaining Defendants, the Federal Defendants have no involvement in any of the factual circumstances relating to claims against the remaining Defendants." Federal Defendants' Mem. at 6-7. In weighing the "desirability of relaxing the usual

prohibition against piecemeal appeallate review ...," Spiegel, 843 F.2d at 43, the Court concludes that in the "particular circumstances," id., of this case, "there is no just reason for delay," Fed. R. Civ. P. 54(b), in entering partial final judgment on behalf of the Federal Defendants. The claims against them have been dismissed. The issues raised by those claims are analytically distinct, and there is little risk of prejudice from immediate appellate review. See Britton, 196 F.3d 27 n.2.

Accordingly, the Court makes the following findings:

1. On review of the Federal Defendants' Motion for Entry of Partial Final Judgment on their behalf under Fed. R. Civ. P. 54(b), the Court determines that entry of partial final judgment on behalf of the Federal Defendants is warranted and that there is no just reason to delay entry of judgment for the Federal Defendants.

2. On December 12, 2006, all claims against Defendant Lappin were dismissed and claims against Defendant Gilbert in his official capacity were dismissed. See Order of 12/12/06 (D.N.H. Doc. #16) (adopting Report and Recommendation of 11/15/06 (D.N.H. Doc. #5)).

3. On November 20, 2007, the remaining claims against Defendant Gilbert (in his individual capacity) were dismissed, thus terminating all of Plaintiff's claims against the Federal Defendants in this matter. See Order and Memorandum Granting Federal Defendant's Motion to Dismiss (D.R.I. Doc. #6) (D.N.H. Doc. #54).

4. Plaintiff's claims against other, non-federal Defendants remain outstanding. Because the dismissal of Plaintiff's claims against the Federal Defendants did not resolve all claims pending against all parties remaining in the action, the Court did not enter final judgment.

5. Entry of partial final judgment on behalf of the Federal Defendants under Fed. R. Civ. P. 54(b) is warranted at this time because the December 12, 2006, and November 20, 2007, orders are final in that they disposed of all of Plaintiff's claims against the Federal Defendants in this matter.

> 6. Because the United States has not waived sovereign immunity for claims of violations of federally-granted constitutional rights filed against the United States or its officers or employees acting in their official capacities, this basis for dismissal of Plaintiff's claims against the Federal Defendants is analytically distinct from any claims or defenses of the remaining non-federal Defendants.
>
> 7. Because dismissal of Plaintiff's constitutional tort claims against the named Federal Defendants in their individual capacities was based on the absence of any allegations that these Defendants knew of, participated in, or had any supervisory authority over the conditions of Plaintiff's pretrial confinement which form the basis of Plaintiff's claims, the basis for the dismissal of these claims against the Federal Defendants is analytically distinct from any claims or defenses of the remaining non-federal parties to this action. There is no reasonable basis to delay entry of judgment on behalf of the Federal Defendants in this matter.
>
> 8. Because the legal and factual basis for the dismissal of Plaintiff's claims against the Federal Defendants is distinct from the claims and defenses of the parties remaining in the action, entry of final judgment on behalf of the Federal Defendants does not pose a significant risk of piecemeal appeals or substantial duplication of litigation efforts in this matter either on appeal or in the trial court.
>
> 9. Therefore, the Court determines that there is no reasonable basis to delay entry of final judgment on behalf of the Federal Defendants in this matter.

See Proposed Findings on Federal Defendants' Motion for Entry of Partial Final Judgment.

Based on the foregoing, I recommend that the Motion for Entry of Partial Final Judgment be granted. I further recommend that the above findings of fact be adopted by the district court.

**Conclusion**

I recommend that the Federal Defendants' Motion for Entry of Partial Final Judgment be granted. Any objections to this Report

and Recommendation must be specific and must be filed with the Clerk of Court within ten (10)[2] days of its receipt. See Fed. R. Civ. P. 72(b); D.R.I. LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
April 10, 2008

[2] The ten days do not include intermediate Saturdays, Sundays, and legal holidays. See Fed. R. Civ. P. 6(a).